Filed 1/29/26  P. v. Valencia CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B342125 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA517152) |
| v. | |
| STEVEN JAMES VALENCIA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark K. Hanasono, Judge.  Affirmed.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Shezad H. Thakor, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Steven James Valencia (defendant) was convicted of attempted murder. The jury found true defendant personally inflicted great bodily injury and personally used a knife during the commission of the offense. In bifurcated proceedings, the court found true that defendant suffered two prior strike convictions and had served a prior prison term. Defendant moved the court to dismiss one of his prior strike convictions pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). The court denied the motion and sentenced defendant to 29 years to life. On appeal, defendant contends the trial court abused its discretion by denying his request to dismiss his prior strike conviction. He also alleges the court abused its discretion by not striking one or both of the additional enhancements. Finally, he alleges an error in the abstract of judgment. We affirm the judgment and remand with instructions.

## BACKGROUND

**Statement of the case**

Defendant was charged by information with attempted murder (Pen. Code,[1] §§ 187, subd. (a), 664; count 1) and assault with a deadly weapon (§ 245, subd. (a)(1); count 3). It was further alleged defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)) in both counts and personally used a knife (§ 12022, subd. (b)(1)) during the commission of count 1.

---

[1]     Unless otherwise designated, all further statutory references are to the Penal Code.

2

The People further alleged several aggravating factors pursuant to the California Rules of Court.[2] Specifically, it was alleged defendant (1) engaged in violent conduct that indicates a serious danger to society (rule 4.421(b)(1)), (2) the offenses involved great violence (rule 4.421(a)(1)), (3) defendant was armed with and used a weapon during the offense (rule 4.421(a)(2)), and (4) defendant had served a prior prison term (rule 4.421(b)(3)).

After a jury trial defendant was convicted as charged. As to counts 1 and 3, the jury found true that (1) defendant personally inflicted great bodily injury, within the meaning of section 12022.7, subdivision (a); (2) defendant personally inflicted great bodily injury, great violence, great bodily harm, great threat of great bodily harm, or an act revealing a high degree of cruelty, viciousness, and callousness, within the meaning of rule 4.421(a)(1); (3) defendant was armed with or used a weapon at the time of the commission of the crime, within the meaning of rule 4.421(a)(2); and (4) defendant engaged in violent conduct that indicates he is a serious danger to society, within the meaning of rule 4.421(b)(1). Separately, the jury found true that defendant personally used a knife during the commission of the attempted murder, within the meaning of section 12022, subdivision (b)(1).

In a bifurcated court trial, defendant's prior strike convictions were found to be true as was the aggravating circumstance that defendant had suffered a prior prison term.

---

[2] Unless otherwise designated, all further court rule references are to the California Rules of Court.

The court sentenced defendant to an aggregate term of 29 years to life, comprised of 25 years to life pursuant to the "Three Strikes" law for count 1, three years for the great bodily injury enhancement (§ 12022.7, subd. (a)) and one year for the personal use of a knife enhancement (§ 12022, subd. (b)(1)). As to count 3, the court sentenced defendant to 25 years to life, plus three years for the great bodily injury enhancement, which was stayed pursuant to section 654.

Defendant timely appealed.

**Statement of facts**

On August 12, 2023, at approximately 12:30 p.m., Nicholas Cardenas Montes (Montes) was walking to catch a bus after shopping at the Citadel Shopping Outlets in Commerce. He was carrying a bag of clothing and talking to his wife on his cellphone. Defendant approached Montes from behind and began stabbing him. Defendant stabbed Montes 17 times. Montes ran among nearby parked cars to escape but was chased by defendant. Montes believed defendant was going to kill him. Defendant eventually fled without taking anything from Montes.

Guillermo Cordova, who was working at a nearby car dealership, witnessed the attack. He heard Montes yelling and saw defendant stab Montes multiple times. Cordova observed blood coming from Montes's upper back and chest and saw defendant wiping off a knife wrapped in a cloth.

Shortly after the stabbing, Los Angeles County Sheriff's Department Deputy David Magdaleno was dispatched to a nearby intersection, where he was flagged down by an individual and directed to a residence. Deputies at the scene ordered defendant to exit the house, and he complied. Deputy Magdaleno found a bloody knife with a four- to five-inch blade in defendant's

4

back pocket.  A bloodied shirt and rag were also recovered from the area.

Montes was transported to the hospital, where he was treated for multiple injuries including trauma to his thoracic cavity, lacerated tendon in his forearm and multiple lacerations on his body.

Defendant presented no evidence at trial.

## DISCUSSION

I. **The trial court did not abuse its discretion in declining to dismiss defendant's prior strike convictions**

A. *Relevant facts*

Ahead of sentencing defendant filed a sentencing brief and *Romero* motion.  Defendant also filed a biopsychosocial assessment wherein his family history and upbringing were outlined.  Defendant asked the court to consider his traumatic childhood and that he "suffer[s] from a mental or physical condition that significantly reduced his culpability for the crime" as mitigating factors for sentencing purposes pursuant to rules 4.423(b)(3) and 4.423(b)(2), respectively.  In addition he asked the court to dismiss his 2007 strike conviction because it was more than five years old as provided for in rule 4.423(b)(13).  In response, the People filed a sentencing memorandum.

As discussed, the jury found true the allegations that defendant personally inflicted great bodily injury on the victim and personally used a knife during the commission of count 1.  The jury also found true three circumstances in aggravation, pursuant to rule 4.421, specifically, that (1) defendant used a knife (rule 4.421 (a)(2)); (2) defendant's offense involved great

5

violence, great bodily harm and involved a "high degree of cruelty, viciousness, and callousness" (rule 4.421(a)(1)); and (3) defendant engaged in violent conduct that indicates a serious degree of danger to society (rule 4.421(b)(1)).  During a court trial on defendant's prior convictions, the court found true, beyond a reasonable doubt, that defendant had served multiple prior prison terms (rule 4.421(b)(3)).

At the beginning of the sentencing hearing, the court indicated its tentative sentence and noted it did not intend to dismiss defendant's prior strike convictions.  Nevertheless, defense counsel argued for dismissal of defendant's first strike from 2007 "based on the circumstances of his childhood, which he had no control over" and because he "was 19 years old" at the time of the first strike.  Counsel argued "public safety would still be adequately protected . . . if the maximum determina[te] sentence of 22 years [wa]s imposed."  The People expressed agreement with the court's tentative sentence and pointed out, "after [defendant's] last strike conviction in 2016, he suffered two assaultive convictions while in custody for [section] 69 in March of 2019, as well as a [section] 4501.5 battery on non-prison personnel" in February 2020.

The court then imposed the tentative sentence, noting, in reaching its decision, it reviewed the probation report and the sentencing memoranda submitted by the People and defense counsel, including the biopsychosocial assessment provided by the defense.  The court stated it "considered the general objectives" of rule 4.410, as well as the "general objectives, especially in protecting society, punishing the defendant, deterring future offenses, [and] preventing the defendant from committing new crimes by isolating him for the period of

6

incarceration." The court considered the aggravating circumstances, which were found true by the jury, along with the circumstances in mitigation found in the assessment provided by defense counsel, which were that "defendant suffered a difficult childhood, including neglect and abuse by his parents and guardians; his victimization as a child that included verbal, physical, and sexual abuse; [and] . . . introduction to drug use and drug sales by neighborhood drug sellers as a result of abuse and neglect."

The court considered defendant's prior criminal record, which included three prior felony convictions, two of which were strike offenses from 2007 and 2016, defendant's history of numerous parole violations, including that defendant had been released from prison less than two months prior to and was on parole at the time he committed the instant offense. Therefore, despite the mitigating evidence, the court found defendant was not "outside the spirit of the Three Strikes law" and denied defendant's request to dismiss his prior strike conviction(s).

**B.** *Analysis*

We conclude the trial court did not abuse its discretion in declining to dismiss defendant's prior strike conviction(s) pursuant to section 1385, subdivision (a), and *Romero, supra*, 13 Cal.4th 497. In determining whether to dismiss one or both of defendant's prior strike convictions, the court was required to "consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, . . . defendant may be deemed outside of the [Three Strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or

7

more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

The trial court expressly found defendant was not "outside of the spirit of the Three Strikes law." The court noted defendant's lengthy criminal record and history of parole violations. The court also noted defendant was on parole and had only been released two months before this offense. The court reasonably interpreted this as evidence of defendant's lack of self-control and that he continued to present a danger to others.

Where, as here, "the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law" (*People v. Myers* (1999) 69 Cal.App.4th 305, 310), we will affirm its ruling.

## II.    The trial court did not abuse its discretion in declining to dismiss defendant's sentencing enhancements

Defendant alleges the trial court erred by "failing to strike [his] enhancements pursuant to Senate Bill Number 81." (Capitalization and boldface omitted.) In the alternative, because trial counsel failed to seek dismissal of the enhancements, defendant alleges he was denied effective assistance of counsel.[3]

---

[3]    Because we have found no abuse of discretion on the part of the trial court, as detailed *post,* defendant's ineffective assistance of counsel claim fails. "We reiterate, however, that a defendant cannot automatically transform a forfeited claim into a cognizable one merely by asserting ineffective assistance of counsel." (*People v. Thompson* (2010) 49 Cal.4th 79, 121, fn. 14; see *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 465.)

Respondent argues defendant forfeited this argument on appeal. We agree.

### A.    *Relevant facts*

Defense counsel did not, at any point, seek dismissal of either of defendant's sentencing enhancements pursuant to section 1385, subdivision (c)(1).  Despite this, at the time of sentencing, the court announced it "recognize[d] it has discretion to dismiss the enhancements" and found "that dismissal of either enhancement would endanger public safety" because "[a]n earlier release [date] as a result of dismissing any enhancements would likely result in physical injury or serious danger to the public." Accordingly, the court imposed the terms on each enhancement "based on the facts of the current case and defendant's criminal history, which includes multiple convictions for assaultive or violent crimes," including offenses that occurred in prison.

### B.    *Standard of review and applicable law*

We review a trial court's decision whether to dismiss or strike an enhancement under section 1385 for abuse of discretion. (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490 (*Nazir*).) "A trial court may abuse its discretion where 'its decision is so irrational or arbitrary that no reasonable person could agree with it,' 'where the trial court was not "aware of its discretion " ' to dismiss a sentencing allegation under section 1385, or 'where the court considered impermissible factors in declining to dismiss.'" (*Ibid.*)

Effective January 1, 2022, Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81) amended section 1385 to add subdivision (c).  (*People v. Coleman* (2024) 98 Cal.App.5th 709, 723.)  Amended "[s]ection 1385, subdivision (c)(1) . . . provides that '[n]otwithstanding any other law, the court shall dismiss an

9

enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.' . . . Section 1385, subdivision (c)(2) provides in pertinent part, 'In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.[4] Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, *unless the court finds that dismissal of the enhancement would endanger public safety.*'" (*People v. Walker* (2024) 16 Cal.5th 1024, 1032, original italics omitted & new italics added (*Walker*).) Thus, "'if the trial court finds that dismissal of an enhancement would endanger public safety, then it is hard to see how dismissal would further the interests of justice,' *notwithstanding the applicability of any mitigating factors identified in [section 1385,] subdivision (c)(2).*" (*Id.* at p. 1033, italics added.)

### C. *Analysis*

As a preliminary matter, defendant did not seek dismissal of either sentencing enhancement in the trial court. Even after the People asked the court not to dismiss any enhancements and the court gave its tentative sentence, which included sentences for both enhancements, defendant did not object. Instead, in his sentencing brief and *Romero* motion and during the sentencing

---

[4] The parties agree the potentially applicable mitigating factors here are: (1) "[m]ultiple enhancements are alleged in a single case" (§ 1385, subd. (c)(2)(B)); (2) "application of an enhancement could result in a sentence of over 20 years" (§ 1385, subd. (c)(2)(C)); and (3) "[t]he current offense is connected to prior victimization or childhood trauma" (§ 1385, subd. (c)(2)(E)).

10

hearing, defendant only asked the court to dismiss his 2007 prior strike conviction and impose a determinate sentence of 22 years. As a result, he forfeited this claim on his sentence. (See *People v. Scott* (1994) 9 Cal.4th 331, 353 ["We conclude that the waiver doctrine should apply to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices"]; *People v. Coleman, supra*, 98 Cal.App.5th at p. 724 ["Defendant's claim is forfeited for failure to request that the trial court strike the enhancements under section 1385" at his sentencing hearing, held four months after the enactment of Sen. Bill 81].)

Forfeiture notwithstanding, we reject defendant's claim. Defendant contends the trial court abused its discretion in refusing to dismiss either of the alleged enhancements because "the trial court relied on the fact that [defendant] presented a past and current danger to society." Citing *People v. Gonzalez* (2024) 103 Cal.App.5th 215, 228 (*Gonzalez*), defendant argues the court applied the wrong legal standard and focused on defendant's " 'violent conduct in this case' and his criminal history [citation] and failed to engage in the 'crucial part of the inquiry,' which is 'how the dismissal of the enhancement will impact the length of the defendant's sentence.'" We disagree.

*Gonzalez* is distinguishable. In *Gonzalez,* the trial court made explicit statements that demonstrated its "singular focus on whether the defendant *currently* poses a danger." (*Gonzalez, supra*, 103 Cal.App.5th at p. 228.) Here, the court found "dismissal of either enhancement would endanger public safety," and "[i]mposition of terms for each enhancement [was] appropriate based on the facts of the current case and the defendant's criminal history," and "*an earlier release* [*date*] as a

11

result of dismissing any enhancements would likely result in physical injury or serious danger to the public."  (Italics added.)  Thus, unlike the court in *Gonzalez*, the court properly considered defendant's dangerousness upon his release, not just his dangerousness at the time of the hearing.

The record is replete with support for the court's findings: (1) the jury found true three aggravating circumstances; (2) defendant has a criminal history, which began in 2007, and has had very few periods where he was free from custody; (3) defendant has committed multiple offenses while he was on parole or probation, including the instant offense where he had been out of custody for less than two months; and (4) the current offense was extremely violent—only by sheer luck did the victim survive—and, from what we can derive from the record, there was no explicable motivation for the offense.

During the sentencing hearing, the court considered each of these circumstances along with relevant mitigating factors, including defendant's traumatic childhood and early drug use.  That it specifically listed these circumstances in reference to the denial of defendant's *Romero* motion is of no moment.  The "'trial court is not required to state reasons for declining to exercise its discretion under section 1385' [citations], and 'is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary' [citation]."  (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637; see *People v. Parra Martinez* (2022) 78 Cal.App.5th 317, 322 ["Unless the record affirmatively demonstrates otherwise, the trial court is deemed to have considered all the relevant sentencing factors set forth in the rules."].)

Therefore, because we find the court did not abuse its discretion in determining "an earlier release [date]" as a result of dismissing the enhancements would endanger public safety, we need not reach the question of whether "the presence of one or more of [the mitigating] circumstances weighs greatly in favor of dismissing the enhancement." (See *Walker, supra*, 16 Cal.5th at p. 1033 [where a trial court finds dismissal of the enhancement(s) would endanger public safety, "'it is hard to see how dismissal would further the interests of justice'"].) Defendant's disagreement with the court's findings does not render those findings arbitrary or capricious. (See *People v. Johnson* (2022) 12 Cal.5th 544, 605–606; see *id*. at p. 605 ["'A merely debatable ruling cannot be deemed an abuse of discretion.'"].)

## III. The abstract of judgment must be amended

The parties agree the abstract of judgment must be amended. We also agree.

At the time of sentencing, the trial court imposed a great bodily injury enhancement of three years on both counts 1 and 3; however, the enhancement was stayed, pursuant to section 654, as to count 3. The abstract of judgment, however, reflects that the section 12022.7, subdivision (a) enhancement was only imposed on count 3. The judgment is the oral pronouncement of sentence by the court; the abstract of judgment is not the judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) "Courts may correct clerical errors at any time." (*Ibid.*)

Therefore, as the abstract of judgment improperly reflects imposition of the great bodily injury enhancement on count 3, we direct the trial court to amend the abstract of judgment to reflect (1) a three-year enhancement pursuant to section 12022.7, subdivision (a), as to count 3 was imposed and stayed; and (2) a

13

three-year enhancement under that statute was imposed, and not stayed, as to count 1.

## DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment reflecting the proper disposition of the great bodily injury enhancement on counts 1 and 3 and to forward a certified copy to the Department of Corrections and Rehabilitation.


CHAVEZ, J.

We concur:


LUI, P. J.


RICHARDSON, J.

14